**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GEORGE A. PAYNE | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:01CV1096(JCH) |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION | : | APRIL 12, 2004 |
| Defendant | : | |

## JOINT TRIAL MEMORANDUM

Pursuant to the Standing Order Regarding Trial Memorandum in Civil cases in the Local

Rules of Civil Procedure, the parties respectfully submits the following Trial Memorandum.

**I.     TRIAL COUNSEL**

**Plaintiff's counsel:**

Joseph A. Moniz (ct04316)
Moniz, Cooper & McCann, LLP
100 Allyn Street
Hartford, CT  06103
Tel .(860) 278-0200
Fax. (860) 278-2212

**Defendant's counsel:**

Edward F. Osswalt (ct15252)
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel. (860) 808-5340
Fax. (860) 808-5383

Jane B. Emons
Assistant Attorney General
Federal Bar No. ct16515
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel.:   (860) 808-5340
Fax:    (860) 808-5383

## II.    <u>JURISDICTION</u>

**Plaintiff's Contention:**  Jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

Supplemental jurisdiction is conferred by 28 U.S.C. § 1367.

**Defendant's Contention:**  The Court's Jurisdiction is predicated on Title VII, 42 U.S.C § 2000

et. seq.

## III.    <u>JURY-NONJURY</u>

The case is scheduled for trial by jury.

IV.   **NATURE OF THE CASE**

This is an action to recover monetary damages for personal injuries and economic losses the plaintiff sustained as a result of the defendant's discrimination against the plaintiff because of his race, color, sex and age when they failed to promote him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.  and the age Discrimination in Employment Act, 19 U.S.C. Section 621-634.

V.   **STIPULATION OF FACT AND LAW**

The parties have not agreed to any stipulations of fact or law.

VI.   **PLAINTIFF'S CONTENTIONS**

The Plaintiff contends that on August 4, 1999 the Plaintiff's title was Supervising District Service Agent.  On that date he applied for the position of Transportation Special Services Section Manager.

The requirements for this position were:  "One (1) year of lead and/or supervisory experience involving the planning, inspection and/or administration of highway maintenance projects.   Note:  for state employees lead and/or supervisory experience is interpreted at the level of Transportation Supervising District Service Agent, Transportation Supervising Maintenance Planner, Transportation Maintenance Planner 3 or Transportation Engineer 3 in charge of the District traffic or drainage function."  Special Requirements included:

"Incumbents in this class may be required to possess appropriate current licenses or permits." There were a total of 12 applicants from the Department of Transportation who applied for this position:  11 males and one female.  All were interviewed on August 23, 1999.

The interview process consisted of a 3-member panel consisting of one representative each from Maintenance, Personnel and Affirmative Action who were to ask each applicant specific questions that had been developed before the interviews and rate each applicant.  Two interviewers had no expertise in the subject areas.

A white female under the age of 40 was selected to fill the position of Transportation Special Services Section Manager despite the fact that she never held any of the positions listed in the job description, nor any position involving the traffic and drainage function, nor did she possess the requisite commercial driver's license.

The interview notes indicate that none of the three interviewers asked the female applicant the final three questions, 5a, b and c.

Many of the questions to the candidates were not job related.  As a result, the interview procedure was unfair, prejudicial to the plaintiff and not relevant to the position for which he applied.

The defendant did not identify any uniform or objective rating system which was used by the interviewers.  The entire interview process was highly subjective with no objective criteria

used.

Within the Department of Transportation, there are four (4) Transportation District Maintenance Special Service Section Managers.   There are limited promotional opportunities and there had been no other promotions into this job title in recent years prior to 1999.  This particular position became vacant in 1999 due to the death of a white male.  The other persons holding the title of Transportation District Maintenance Special Services Section Manager sought by the Plaintiff in 1999 included three (3) white males.

The defendant has a policy and practice of not promoting qualified African American male or female employees to management positions.

## VII.   <u>DEFENDANT'S CONTENTIONS</u>

Defendant denies that the plaintiff was discriminated against because of his race or gender and states that the successful candidate, a white female, was unequivocally found to be more qualified by the Selection Committee established to consider the candidate's relative qualifications.   The defendant did not discriminate against the plaintiff; therefore it did not violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

## VIII.   LEGAL ISSUES

Whether the Plaintiff as a member of a protected class, i.e., African American, can meet his burden under Title VII to show discrimination in the denial of his promotion; and if so, whether the Defendant can put forth a legitimate business reason that is not pretextual as to the reasons for the denial of promotion.

## IX.   VOIR DIRE QUESTIONS.

Plaintiff's Proposed Voir Dire questions are being filed separately and accompany this Memorandum.

Defendant's Proposed Voir Dire questions are being filed separately and accompany this Memorandum.

## X.   LIST OF WITNESSES

### Plaintiff's Witnesses

**George Payne** will testify as to the allegations contained in his Complaint and the racial discrimination he experienced at the DOT.

**Rick Reed.**  This witness will testify as to allegations of the Complaint and his experience regarding racial discrimination in promotions within the DOT.

**OBJECTION:  Rule 401, Rule 701.**

**Daphne Alphine McKinney.** This witness will testify as to allegations of the Complaint and her experience regarding racial discrimination in promotions within the DOT.

**OBJECTION:  Rule 401, Rule 701.**

**Robert Gordon.** This witness will testify as to allegations of the Complaint and his experience regarding racial discrimination in promotions within the DOT.

**OBJECTION:  Rule 401, Rule 701.**

**Vorcelia Oliphant.**  This witness will testify as to allegations of the Complaint and her experience regarding racial discrimination in promotions within the DOT.

**OBJECTION:  Rule 401, Rule 701.**

**Victor LaBarre.**  This witness will testify regarding allegations in the Complaint, including his reasons for denying Plainitiff's promotiom.

**Edward Marcos**.  This witness will testify regarding allegations in the Complaint, including his reasons for denying Plainitiff's promotiom.

**Pamela Horan.**  This witness will testify regarding allegations in the Complaint, including her reasons for denying Plaintiff's promotion.

The Plaintiff reserves the right to add additional witnesses prior to trial and reserves the right to call rebuttal witnesses or for impeachment purposes.

### Defendant's Witnesses

a.     **Victor LaBarre**.  Transportation Maintenance Director, District I, DOT (retired). The witness, Chairman of the Selection Committee, may testify to the Selection Committee's process and the reasons underlying the panel's unanimous recommendation of Ms. Cabelus for the position.

b.     **Edward Marcos**, Affirmative Action Officer.  The witness may testify to administration of the DOT's Affirmative Action Program and his responsibilities regarding employee complaints as well as his experience on, and the reasoning of, the Selection Committee empaneled to consider candidates for the Transportation Special Service Section Manager position in question.

c.     **Pamela Horan**,  personnel officer, DOT.   The witness was on the Selection Committee for the Transportation Special Service Section Manager position for which the plaintiff applied.  The witness may testify as to the process undertaken by the Committee, her experience on the Committee and the Committee's recommendation, and the basis for its recommendation of Ms. Cabelus.

d.      **Ms. Cordula**, Acting Affirmative Action Director, DOT.   The witness may testify to the practices and policy of the defendant's Affirmative Action Office; the events surrounding the plaintiff's request for promotion and the selection process that was involved.

e.      **Margo Kilbon**, former director of the Affirmative Action Office, DOT (retired). The witness may testify to the DOT's Affirmative Action and Contract Compliance program generally and how that program may have impacted the selection of Ms. Cabelus.  The witness may testify to the Selection Committee's process and basis for its recommendation of Ms. Cabelus.

f.      **Robbin Cabelus**.  Ms. Cabelus, the successful candidate for the Special Service Section Manager position, may testify as to her background, education and experience and her career positions.

g.      **George Payne**.  Mr. Payne may testify as to his DOT work experience, educational background, career positions, claim for damages and other related issues.

The defendant reserves the right to add additional witnesses prior to trial and reserves the right to call rebuttal witnesses or for impeachment purposes.

XI.     **EXHIBITS**

     A.     **PLAINTIFF'S PROPOSED EXHIBITS**

Exhibit 1        Memorandum dated August 2, 1999 from Frederick Sanders re: Job Opportunity,
                 Transportation Special Service Section Manager;

Exhibit 2        Job Specifications for Transportation District Maintenance Special Services
                 Section Manager;

Exhibit 3        Application for Special Service Section Manager position submitted by George
                 Payne;

Exhibit 4        Application for Special Service Section Manager position submitted by Robbin
                 Cabelus;

Exhibit 5        Application for  Special Service Section Manager position submitted by various
                 other applicants;

Exhibit 6        Interview rating report of George Payne by Victor LaBarre;

Exhibit 7        Interview rating report of George Payne by Edward Marcos;

Exhibit 8        Interview rating report of George Payne by Pamela Horan;

Exhibit 9        Interview rating report of Robbin Cabelus by Victor LaBarre;

Exhibit 10       Interview rating report of Robbin Cabelus by Pamela Horan;

Exhibit 11          Interview rating report of Robbin Cabelus by Edward Marcos;

Exhibit 12          Relevant Bureau of Engineering and Highway Operations Chart for District One Special Services;

**OBJECTION RESERVED:  Exhibit inadequately identified.**

Exhibit 13          Qualifications for Transportation District Maintenance Special Services Section Manager with attached Management MP 40 Hour Plan Effective 1/14/2000;

**OBJECTION RESERVED:  Exhibit inadequately identified.**

Exhibit 14          Selection Committee Report and recommendation report dated August 31, 1999;

Exhibit 15          Personnel Records and evaluations for George A. Payne;

Exhibit 16          Job description for Transportation Supervising District Services Agent;

Exhibit 17          Defendant's written guidelines for conducting interviews for promotion;

**OBJECTION RESERVED:  Exhibit inadequately identified.**

Exhibit 18          Personnel records for Transportation Special Services Section Manager, District One, for the persons who held this position for the previous 25 years;

Exhibit 19          Interview rating reports for the 3 previous persons selected as Special Services Section Manager, District One.

**OBJECTION:  Rule 401 relevance; Exhibit inadequately identified.**

**B.     DEFENDANT'S EXHIBITS**

Exhibit 501     Memorandum dated August 2, 1999 from Frederick Sanders re: Job Opportunity, Transportation Special Service Section Manager;

Exhibit 502     Job Specifications for Transportation District Maintenance Special Services Section Manager;

Exhibit 503     Application for Special Service Section Manager position submitted by George Payne;

Exhibit 504     Application for Special Service Section Manager position submitted by Robbin Cabelus;

Exhibit 505     Application for Special Service Section Manager position submitted by various other applicants.

Exhibit 506     Interview rating report of George Payne by Victor LaBarre;

Exhibit 507     Interview rating report of George Payne by Edward Marcos;

Exhibit 508     Interview rating report of George Payne by Pamela Horan;

Exhibit 509     Interview rating report of Robbin Cabelus by Victor LaBarre;

Exhibit 510     Interview rating report of Robbin Cabelus by Pamela Horan;

Exhibit 511     Interview rating report of Robbin Cabelus by Edward Marcos;

Exhibit 512     CHRO Complaint filed by George Payne, dated January 24, 2000;
**Objection:     Hearsay.**

Exhibit 513     CHRO Finding of No Reasonable Cause, dated October 19, 2001;
**Objection:     Hearsay.**

Exhibit 514     Selection Committee Report and recommendation report dated August 31, 1999;
**Objection:     Hearsay.**

Exhibit 515     Personnel Records and evaluations for George A. Payne;

Exhibit 516     Plaintiff's Responses to Defendant's Interrogatories and Requests for Production, dated February 28, 2002;

Exhibit 517     Personnel records and evaluations for Robbin Cabelus, for the period 9-1-96 to 8-31-97.

The defendant reserves the right to use any of the plaintiff's exhibits, to offer rebuttal exhibits or other exhibits for impeachment purposes and to supplement its exhibit list prior to trial.

The Plaintiff reserves the right to use any of the Defenant's exhibits, to offer rebuttal exhibits or other exhibits for impeachment purposes and to supplement his exhibit list prior to trial.

## XII.    DEPOSITION TESTIMONY

None anticipated.

## XIII.    REQUEST FOR JURY INSTRUCTIONS

Plaintiff's Proposed Jury Instructions are being filed separately and accompany this Memorandum.

Defendant's Proposed Jury Instructions are being filed separately and accompanies this Memorandum

## XIV.    ANTICIPATED EVIDENTIARY PROBLEMS

Motions in limine will be filed no later than April 23, 2004 and the parties will exchange exhibit notebooks on April 20, 2004.  The parties will exchange lists of exhibits to which they do not object to full admission into evidence by no later than April 23, 2004.  The parties will file their objections to the motions in limine no later than April 26, 2004.

Plaintiff anticipates the usual evidentiary problems such as hearsay, etc. which we will address at trial or through a motion in limine at the appropriate time.  Defendant objects to the extent that plaintiff's proposal seeks to reserve objections to defendant's exhibits at trial.

The defendant anticipates some evidentiary problems but respectfully reserves its objections.  As the parties only recently received each other's exhibit and witness lists, the parties anticipate that additional evidentiary issues may arise that will be addressed either in the filed motions in limine or in the objections to exhibits.

### XV.    PROPOSED FINDINGS AND CONCLUSIONS

Not applicable to a jury case.

### XVI.   TRIAL TIME

The Plaintiff estimates that it will take 3-4 days to present his case in chief.   The defendant estimates that it will take 2 days to present its case in chief.

### XVII.  FURTHER PROCEEDINGS

There does not appear to be a necessity for further proceedings at this time.

### XVIII. ELECTION FOR TRIAL BY MAGISTRATE

The parties do not agree to have the case tried to a United States Magistrate.

PLAINTIFF


By     _____
      Joseph A. Moniz (ct04316)
      Moniz, Cooper & McCann, LLP
      100 Allyn Street
      Hartford, CT  06103
      Tel. (860) 278-0200
      Fax. (860) 278-2212


DEFENDANT


By     _____
      Edward F. Osswalt (ct15252)
      Assistant Attorney General
      55 Elm Street, P.O. Box 120
      Hartford, CT  06141-0120
      Tel. (860) 808-5340
      Fax. (860) 808-5383