UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE A. PAYNE | : | CIVIL ACTION NO. |
|     Plaintiff | : | 3:01CV1096(JCH) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION | : | APRIL 12, 2004 |
|     Defendant | : | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

1.  In defining your duties as the jury, let me give you a few general rules:

It is your duty to find the facts from all the evidence in the case. To the facts as you find them you must apply the law as I give it to you, whether you agree with it or not. You must do your duty as jurors regardless of any personal likes or dislikes, opinions, prejudices or sympathy. In other words, you must decide the case solely on the evidence before you. You must follow the law as I give it to you, whether you agree with it or not. And you must do your duty as jurors regardless of any personal likes or dislikes, opinions, prejudices or sympathy. In other words,

you must decide the case on the evidence before you.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I have said or done, any suggestions from me as to what verdict you should return.

The verdict you reach must be unanimous – that is, it must be agreed to by each of you. If you are divided in any way – even if one of you disagrees with the majority – the result is a hung jury. In that event, the Court declares a mistrial and another trial may be held in due course.

Each of you must decide the case for yourself, but you are to do so only after impartial consideration of the evidence in the case with your fellow jurors.[1]

---

[1] See Devitt & Blackmar, Fed. Jury Prac. & Instruc., Sec. 71.01 (1987 and 1995 Supp.) ("Devitt & Blackmar").

2.     It is improper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.[2]

---

[2] Devitt and Blackmar, Sec 71.01.

3.   The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous. This does not mean that if you take a vote and you are not unanimous, you have reached a final decision one way or another. If at any time you do take an inconclusive vote – a vote that is not unanimous – your vote is just that: inconclusive.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without doing violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.[3]

---

[3] Devitt and Blackmar, Sec. 74.01.

4.      In deciding the facts in this case, you must perform your duties as jurors without bias or prejudice to any party.  The law does not permit you to be governed by sympathy, prejudice or public opinion.  You must carefully and impartially consider all the evidence in the case, follow the law now being given to you by the court and reach a just verdict, regardless of consequences.

In this case, the defendant, Department of Transportation, is a state agency.  That fact must not influence your decision in this case.

5. The burden is on the plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true that not true. [4]

---

[4] Devitt and Blackmar Sec. 72.01.

6.  If the evidence is so close and so evenly balanced that you are unable to determine whether the plaintiff has proven each essential element of his claim by a preponderance of the evidence, then the plaintiff has failed to carry his burden of proof and you must return a verdict for the defendant.[5]

---

[5] Devitt and Blackmar Sec. 72.01.

7.  The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in this case, or who may appear to have some knowledge of the matters at issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.[6]

---

[6] Devitt and Blackmar Sec. 73.11.

8.	The plaintiff, George Payne, to whom I shall refer as "Mr. Payne," claims that the defendant, State of Connecticut, Department of Transportation, to which I shall refer as "the Department of Transportation," or "the defendant," discriminated against him by not promoting him because of his race.

The fact that Mr. Payne has brought suit does not mean that he suffered the wrong that he claims. Mr. Payne must prove his case, and you may not attach any weight to the mere fact that allegations of wrongdoing have been made.

9.      It is unlawful for an employer to intentionally refuse to hire or to intentionally discharge any person or otherwise discriminate against any person with respect to compensation, tenure, conditions or privileges of employment because of such person's race. The Plaintiff in this case, George Payne, claim that the Defendant, Department of Transportation, intentionally discriminated against him.  The Defendant denies this.  It is your responsibility to decide whether the Plaintiff has proven his claim against the Defendant by a preponderance of the evidence.

10.   42 U.S.C.A. Sec. 2000e-2(a) provides that:

"It shall be an unlawful employment practice for an employer

(1)   to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2)   to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive an individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

11.	In order for Plaintiff, George Payne, to establish his claim of discrimination against Defendant, Department of Transportation, he has the burden of proving that the Defendant's actions were, more likely than not, motivated by the Plaintiff's race.

In order for the Plaintiff, George Payne, to recover on her claim against Defendant, Department of Transportation, the Plaintiff must prove that the Defendant intentionally discriminated against Plaintiff, that is, Plaintiff's race must be proven to have been a motivating factor in Defendant's decision not to promote the Plaintiff.

The mere fact that Plaintiff is a black man and was not promoted is not sufficient, in and of itself, to establish Plaintiff's claim under the law.

12.     Plaintiff, George Payne, must show that the Defendant intentionally discriminated against him.  Plaintiff, however, is not required to produce direct evidence of intentional discrimination, as such evidence rarely exists in this day and age in our society. Intentional discrimination may be inferred from the existence of other facts.

13.     If you find that the Defendant, Department of Transportation, discriminated against Plaintiff, George Payne, based on his race, then you must determine an amount that is fair compensation for Plaintiff's damages.  You may award compensatory damages only for injuries that the Plaintiff proves were caused by the Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation – no more and no less.

If you find that the Defendant acted unlawfully, Plaintiff is entitled to the back pay he would have earned if the Defendant had not discriminated against him.  This amount consists of the wages and employee benefits Plaintiff would have received from the date of the failure to promote to the date of trial.

From this amount, you should subtract the total amount Plaintiff has earned during the same period in wages, earnings or other income and benefits.

You may award compensatory damages for future pecuniary losses, emotional pain and suffering, inconvenience and mental anguish if you find these were caused by Defendant's allegedly illegal acts.

An award of future damages necessarily requires that monetary payment be made now for a loss that Plaintiff will not actually suffer until some future date.  If you should find that the Plaintiff is entitled to future damages, including future earnings, then you must determine the present value or worth, in dollars, of such future damages.

If you award damages for loss of future earnings, you just consider two particular factors:

1.      You must reduce any award by the amount of the expenses that the Plaintiff would have incurred in making those earnings;

2.      You must reduce any award to its present value by considering the interest that the Plaintiff could earn on the amount of the award if he made relatively risk-free investments.  The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the Plaintiff if he receives it today than if he received it in the future when he would otherwise have earned it.  It is more valuable because the Plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money.  Thus, you should adjust the amount of any award for future loss of earnings by the amount of interest that the Plaintiff can earn on that amount in the future.

You may award damages for any pain, suffering or mental anguish that Plaintiff experienced as a consequence of the Defendant's failure to promote.  No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded by these elements of damages.  Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages,

drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.  On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

14.     If you find Defendant, Department of Transportation, intentionally discriminated against Plaintiff, George Payne, the law allows you, but does not require you, to award punitive damages.

The purpose of an award of punitive damages is, first, to punish a wrongdoer for misconduct, and second, to warn others against doing the same.

In this case you may award punitive damages if you find that Defendant, Department of Transportation, engaged in discriminatory practice or practices with malice or reckless indifference to the rights of Plaintiff, George Payne, to be free from such intentional discrimination in employment.

If you determine that the Defendant's conduct justifies an award of punitive damages, you may award an amount of punitive damages which all jurors agree is proper.  In fixing the amount, you should consider the following questions:  How offensive was the conduct?  What amount is added, considering the Defendant's financial condition, to prevent future repetition?  Does the amount of punitive damages have a reasonable relationship to the actual damages awarded?

If you do award punitive damages, you should fix the amount using calm discretion and sound reason. You must not be influenced by sympathy for or dislike of any party in the case.

                    PLAINTIFF GEORGE A. PAYNE

                    By_____

                         Joseph A. Moniz (ct04316)
                         Moniz, Cooper & McCann, LLP
                         100 Allyn Street
                         Hartford, CT  06103
                         Tel. (860) 278-0200
                         His Attorneys

## **CERTIFICATION**

       THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, this date to:

Edward F. Osswalt
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel. (860) 808-5340

                                                  _____

                                                         Joseph A. Moniz