UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEORGE PAYNE | : CIVIL NO. 3:01CV1096(MRK) |
| *Plaintiff,* | : |
| V. | : |
| STATE OF CONNECTICUT DEPARTMENT OF TRANSPORTATION, | : |
| *Defendant.* | : APRIL 13, 2004 |

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

**TITLE VII CLAIM AGAINST DEFENDANT STATE OF CONNECTICUT DEPARTMENT OF TRANSPORTATION**

    A.    **Discrimination Based on Race.**

**Purpose of the Statute**

Title VII prohibits employers from refusing to hire, discharge from employment or discriminate against individuals on the basis of race, color, sex, national origin and religion.[1] The purpose of Title VII is to prevent discrimination in the workplace. Under the "disparate treatment of discrimination" theory, the plaintiff/employee claims that he has been treated less favorably than other similarly situated employees because of his race. The plaintiff/employee must then prove that the defendant/employer acted with discriminatory animus.

**Burden of Proof**

The burden of proof is as follows. First, the plaintiff must establish by a preponderance of the evidence that: (1) he is a member of a protected class; (2) he

---

[1] 42 U.S.C. § 2000e-(2).

1

applied for and was qualified for the position or benefits sought; and (3) he suffered an adverse employment action, (4) under circumstances giving rise to an inference of discrimination. The burden then shifts to the defendant to present a legitimate, nondiscriminatory reason for its decision.[2] If the defendant asserts a legitimate, nondiscriminatory reason for its decision, the burden shifts back to the plaintiff to prove that the defendant's stated reason for its decision was not its true reasons, but was a pretext for discrimination. At this stage, the plaintiff must satisfy his ultimate burden in this case, that is, persuading you that the defendant intentionally discriminated against him because of his race. [3]

## Preponderance of the Evidence Standard

To prevail on a claim of intentional discrimination, the plaintiff must prove by a preponderance of the evidence that the defendant had a reason or motive to discriminate against him. "Preponderance of the evidence" means evidence that has more convincing force than that opposed to it. If the evidence is so evenly balanced that you are unable to say that the evidence on either side of an issue preponderates, your finding on that issue must be against the party who had the burden of proving it.

The plaintiff must prove, either directly or indirectly, that there is evidence of intentional discrimination. Direct evidence would include oral or written statements showing a discriminatory motivation for the defendant's treatment of the plaintiff. Indirect or circumstantial evidence would include proof of a set of circumstances that

---

[2] Authority: McDonnell Douglas Corp. V. Green, 411 U.S. 792 (1973); Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 142, 120 S. Ct 2097, 2106 (2002); Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998).

[3] Authority: St. Marys Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993); Brennan v. Metropolitan Opera Ass'n., Inc., 192 F.3d 310, 317 (2d Cir. 1999); Fisher v. Vassar College, 114 F.3d 1332, 1336 (2d Cir. 1997); Bailey v. Colgate-Palmolive Co., 2003 U.S. Dist. LEXIS 8175 (S.D.N.Y. 2003).

would allow one to reasonably believe that race was a motivating factor in the defendant's treatment of the plaintiff.

Unlike other conditions and privileges of employment, a promotion is not something to which every employee is automatically entitled as a matter of course. Although an employee may be entitled to a certain minimum salary, by virtue of his position, he does not automatically become entitled to be promoted by virtue of his seniority.[4]

To determine whether the defendant intentionally discriminated against the plaintiff under Title VII, you must decide whether race accounted for the employer's decision not to promote the plaintiff to the Transportation Special Service Section Manager position.[5]

### Direct Evidence of Disparate Treatment

Direct evidence is evidence of remarks or actions that, if believed, directly prove that the plaintiff's race was a factor in the defendant's actions in not choosing the plaintiff for the Transportation Special Service Section Manager position in 1999 from which the plaintiff claims he suffered some adversity.

### Indirect Evidence of Disparate Treatment

In this case, the plaintiff must prove by a preponderance of his evidence that his race was a motivating factor in the defendant's decisions. The plaintiff's race was a motivating factor if you find that it played an impermissible role in the defendants' decision, even though other factors may have also played roles in that decision.

---

[4] Davis v. Bowes, 1997 U.S. Dist. LEXIS 16258 (S.D.N.Y. 1997), aff'd, 159 F.3d 1346 (2d Cir. 1998).
[5] Gerhing v. Case Corp., 43 F.3d 340, 344 (7th Cir. 1994).

You must consider any legitimate nondiscriminatory reason or explanation stated by the defendant for its decision. If you find that the defendant has stated a valid reason, then you must decide in favor of the defendant unless the plaintiff proves by a preponderance of the evidence that the stated reason was not the true reason but is only a pretext or excuse for discriminating against the plaintiff because of his membership in a protected class.

If you determine that plaintiff's race was a substantial motivating factor in the claimed adverse decision of the State of Connecticut, Department of Transportation, you must find for the plaintiff. If, on the other hand, you find that plaintiff's race was not a motivating factor in the decisions, you must find for the defendant State of Connecticut, Department of Transportation.

**Pretext**

The plaintiff can attempt to prove pretext directly by persuading you by a preponderance of the evidence that his membership in a protected class was more likely the reason for the defendant's adverse employment decision than the reason stated by the defendant. The plaintiff can also attempt to prove that the defendant's stated reason for its employment decisions regarding the plaintiff is a pretext by persuading you that it is just not believable.

When you consider the plaintiff's evidence that the reason advanced by the defendant is a pretext, keep in mind that the relevant question is whether the defendant's reason was not the real reason for its action(s). The question is not whether the defendant's reason for selecting a another candidate showed poor or erroneous judgment.

You are not to judge the defendant's wisdom for making the selection it did. The fact that you may personally disagree with the choices made by the defendant is not proof of discrimination. The defendant would be entitled to make its decision for a good reason, a bad reason or for no reason at all, so long as the decision was not motivated by unlawful discrimination.[6]

It is not enough for the plaintiff simply to prove that the defendant's stated reason for its decision was not the true reason. The reason for this is that the plaintiff always must prove by a preponderance of the evidence that he was treated differently because of his race. Therefore, even if you decide that the defendant did not truly rely on the stated reason for its decisions, you cannot decide in favor of the plaintiff without further evidence that the defendant relied instead on the plaintiff's race.

Even if you find that the evidence supports an inference that the plaintiff's race was a motivating factor in the defendant's decision not to promote the plaintiff in 1999, the plaintiff may not recover if the defendant establishes by a preponderance of evidence that it would have taken the same action under the circumstances.[7]

**Remedies Under Title VII: Generally**

If you find in favor of the plaintiff on any of his claims under Title VII, then you must consider the issue of damages. I will now instruct you on the laws that govern your determination of damages. Bear in mind the fact that I am instructing you on the

---

[6] Authority: Blake-McIntosh v. Cadbury Beverages, Inc., 1999 U.S. Dist. LEXIS 16550 (D. Conn. August 10, 1999); Gray v. New England Tel. and Tel. Co., 792 F.2d 252, 255 (1st Cir. 1986); Smith v. Monsanto Chemical Co., 770 F.2d 719, 723 n. 3 (8th Cir. 1985), cert denied, 475 U.S. 1050 (1986).

[7] Hargett v. National Westminster Bank, USA, 78 F.3d 836, 840 (2d Cir.), cert denied, 117 S.Ct. 84 (1996).

elements of damages does not mean that I have any opinion on whether or not the defendants should be held liable. I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.[8]

Title VII provides that "[i]f the court finds that the defendant Judicial Department has intentionally engaged in or is intentionally engaging in an unlawful employment practice . . . The court may enjoin the defendant from engaging in such unlawful practice . . . and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . Or any other equitable relief as the court deems appropriate."

### Compensatory Damages Under Title VII

If you find that the plaintiff has proven his claim, then you must decide what type of damages, if any, the plaintiff should receive, and how large a payment, if any, he deserves. The fact that I am instructing you concerning damages does not mean that I have any opinion as to whether the defendant should, in fact, be held liable or whether the plaintiff has suffered any actual harm. You must enter separate amounts for each type of damages, if any, on the verdict forms and must not include the same items in more than one category.

In this matter you may award what is known as compensatory or actual damages, and it is meant to cover lost pay and benefits, medical expenses, other financial harm, and physical and emotional suffering. In weighing the issue of compensatory damages, you must ask yourselves two initial questions: First, has the plaintiff proven by a

---

[8] Authority: Adapted from 4 L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, Instruction 77-1 (September 1997).

preponderance of the evidence that he suffered actual harm; and second, has he proven by a preponderance of the evidence that the defendant's illegal conduct proximately caused that harm? The defendant's actions can be considered a proximate cause of the harm claimed by the plaintiff, if they were a substantial factor in bringing about that harm. Conduct by a defendant that does not cause harm does not entitle a plaintiff to damages.

If you decide that the plaintiff has suffered specific harm due to the defendant's actions, then you must decide on the amount of money that will compensate him for this harm. It is for you, in the exercise of your best judgment, to say what is just and fair compensation, based on the damages proved by the plaintiff. There is no fixed formula for you to apply.

However, you must not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. While it is the plaintiff's burden to prove each element and item of damage by a preponderance of the evidence, he need not prove his damages with mathematical precision, but only with the degree of accuracy permitted by circumstances.

No amount of any compensatory damage award you make can be intended to punish the defendant. Federal law does not allow you to award punitive damages against the government or a government agency. Therefore, you may not award damages intended to punish the defendant.

## NOMINAL DAMAGES

7

If you find in favor of the plaintiff on his claim, but also find that the plaintiff's damages have no monetary value, then you may return a verdict for the plaintiff in the nominal amount of one ($1.00) dollar.

### CAUSATION AND DAMAGES

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of Title VII. Thus, even if you find that the defendant discriminated against the plaintiff, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that he claims to have suffered.

The defendant may avoid damages if it can show that, even absent the alleged discrimination, the defendant would have taken the same action with regard to the plaintiff and, therefore, that even absent the alleged discrimination, the plaintiff would have suffered the same harm. The burden is on the defendant to prove that they would have reached the same decision, and, in proving it, they must show that they would reach the same decision at the time of the violations of the plaintiff's rights.[9]

### ADDITIONAL REQUESTS

---

[9] Authority: Carey v. Piphus, 435 US 247, 98 sect. 1042, 55 L.Ed.2d 252 (1978); Mount Healthy City School Dist. Bd. of Ed. v. Doyle, 429 US 274, 97 sect. 568, 50 L.Ed.2d 471 (1977); Allen v. Autauga County Bd. of Ed., 685 F.2d 1302 (11th Cir. 1982); Gentile v. County of Suffolk, 926 F.2d 142 (2d Cir. 1991).

The defendant respectfully requests leave to supplement its request for jury instructions after the evidence and prior to the charging conference. This request is made in an abundance of caution and on the theory that the defendant can not reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.

                DEFENDANT,

                RICHARD BLUMENTHAL
                ATTORNEY GENERAL


                By:_____
                  Edward F. Osswalt
                  Assistant Attorney General
                  Federal Bar # 15252
                  55 Elm Street, P.O. Box 120
                  Hartford, CT 06141-0120
                  Tel: (806) 808-5340
                  Fax: (806) 808-5383
                E-mail:
                Edward.Osswalt@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the Defendant's Proposed Jury Instructions was mailed, United States mail, first class postage prepaid, on this _____ day of April, 2004 to counsel of record.

Joseph A. Moniz, Esq.
Moniz, Cooper & McCann
100 Allyn Street
Hartford, CT 06103

                _____
                Edward F. Osswalt
                Assistant Attorney General