UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEORGE A. PAYNE | : | CIVIL ACTION NO. 3:01CV1096(MRK) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF TRANSPORTATION | : | |
|     Defendant | : | APRIL 16, 2004 |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE

### I.  INTRODUCTION

Plaintiff, an African American male, begun his employment with the defendant State of Connecticut, Department of Transportation ("DOT") in 1969. Thereafter, he received multiple promotions and, by August of 1999, was employed in the position of Supervising District Service Agent. At that time he applied for the position of Transportation District Special Services Section Manager. Plaintiff alleges that he was denied the Special Services Section Manager position because of discrimination based on his race and color in violation of Title VII.[1]

On April 12, 2004, the plaintiff disclosed to the defendant his witness list. The defendant DOT now moves to preclude plaintiff from introducing the testimony at trial of the following witnesses: Rick Reed; Daphne Alphine McKinney; Robert Gordon and Vorcelia Oliphant. These witnesses, all African Americans and current or former DOT employees, will testify according to the plaintiff regarding "the allegations of the Complaint and [their own] experience

---

[1] Plaintiff initially brought this action in five Counts. In November of 2001, the Court dismissed Counts Two through Five. The Counts dismissed alleged violations of the

regarding racial discrimination in promotions within the DOT." The DOT moves to preclude this testimony pursuant to Federal Rules of Evidence 401, 402, 403 and 701. Specifically, the defendant argues that the testimony of these witnesses: (1) lacks sufficient foundation; (2) that these witnesses lack first hand personal knowledge of the circumstances surrounding the selection process for the position in question; (3) and that any probative value of these witnesses' own experiences as DOT employees as to perceived discrimination is vastly outweighed by the prejudicial propensity of such testimony to confuse and mislead the jury. The inevitable consequence is that the jury will impute liability to the defendant based on alleged acts that have no causal nexus whatsoever to the plaintiff's circumstances.

The defendant also hereby requests a Rule 103(c) hearing outside the presence of the jury requiring that the plaintiff make an offer of proof establishing both the relevancy and foundation for these witnesses' testimony.

**II.     ARGUMENT**

Testimony from co-workers that they were subject to discrimination is excluded under Rules 401 and 403 based on lack of probative value and potential unfair prejudice. See, *e.g.*, Tennison v. Circus Circus Enterprises, 244 F.3d 684 (9th Cir. 2001)(probative value of coworker's testimony of sexual harassment was outweighed by danger of undue prejudice, and risk of mini-trial provided basis to exclude coworker testimony.)

Patently, the only basis for the inclusion of these witnesses on the plaintiff's witness list is to potentially inflame the jurors' minds. Potential witness Rick Reed, for example, brought a federal lawsuit against DOT, Reed v. Department of Transportation , Docket No.

---

ADEA, 29 U.S.C. § 621, *et seq*. and state statutory and state common law violations.

3:98CV0426(AVC), premised on his failure to obtain a promotion. The court (Covello, J) granted defendant's motion for summary judgment on March 29, 2001. The defendant represents that any testimony from this plaintiff would be tainted and extremely biased. The allowance of the testimony of Mr. Reed and other potential witnesses with similar complaints would be unfairly prejudicial to the defendant. See, <u>United States v. Ricks</u>, 882 F.2d 885, 893 (4th Cir. 1989), <u>cert</u> <u>denied</u>, 493 U.S. 1047 (1990); <u>United States v. King</u>, 713 F.2d 627, 632 (11th Cir. 1983), <u>cert</u> <u>denied</u>, 466 U.S. 942 (1984).

Similarly, Robert Gordon, another witness plaintiff lists, brought an employment action against DOT in the matter of <u>Gordon v. Dept. of Transportation</u>, 3:98CV2532(AWT). United States District Court Judge Alvin W. Thompson granted defendant's motion for summary judgment on March 29, 2001.

Daphne Alphine McKinney brought her own employment action against DOT styled <u>McKinney v. State of Connecticut, Department of Transportation</u>, 3:01CV0935(MRK). That matter was settled and withdrawn just before trial. However, this Court did grant DOT's Motion in Limine on the same bases advanced in this motion. It is to be noted that Ms. McKinney has recently instituted a state court lawsuit claiming that her former DOT supervisor defamed her.

Vorcelia Oliphant has two pending lawsuits in which DOT is the defendant. In <u>Oliphant v. DOT, et al</u>., 3:02CV0700(PCD), Oliphant claimed she was denied a promotion on account of her race among other allegations. The major portion of that lawsuit was dismissed as was an ensuing appeal "for immediate relief" to the Second Circuit Court of Appeals (No. 03-7772). Oliphant filed a second lawsuit recently – <u>Oliphant v. DOT, et al</u>, 3:04CV0274 - in which she claims retaliation and conspiracy on the part of DOT and certain of its employees.

The Court has wide discretion relative to admission of evidence under Rule 403. The Rule requires a balancing act and a Judge has broad discretion to weigh the probative value of the evidence against the negative factors of prejudice. See, e.g., United States v. Abel, 469 U.S. 45, 54, 105 S. Ct. 465 (1984); United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1193 (2d Cir.), cert denied, 493 U.S. 933 (1989); United States v. Jamil, 707 F.2d 638, 642 (2d Cir. 1983). In this matter, permitting the plaintiff to parade disgruntled employees, including those who unsuccessfully had their day in court, would be unfairly prejudicial and would add no probative value to the issue at hand. These disgruntled employees have different supervisors, different units or departments and different workplaces and thus their testimony is irrelevant. See, Wyvill v. United Cos. Life Ins., 212 F.3d 296 (5th Cir. 2000) cert. den. 541 U.S. 1145 (2001) (error to admit anecdotal evidence about alleged age based discrimination against other employees where those employees had different supervisors, or worked in different parts of the company, or where those alleged age-based job actions are removed in time from the actions at issue in case at bar).

Further, evidence in the form of lay opinion testimony from coworkers regarding whether discrimination has occurred should be excluded as well under Rule 701. Testimony that a supervisor had a "hostile and belligerent relationship with black employees" was excluded in Hogan v. American Telephone & Telegraph Co., 812 F.2d 409, 410-11 (8th Cir. 1987), on the basis that the testimony was prejudicial. Likewise, coworkers' testimony that a supervisor's treatment of employee was race-based was not admissible lay testimony. Hester v. Bic Corp., 225 F.3d 178 (2d Cir. 2000).

To permit plaintiff's counsel to present witnesses who have no connection to the above-captioned matter other than obvious animus toward the defendant would be highly prejudicial and elicit testimony that is not at all probative in the pending case but, nevertheless, would prejudice the jury. It should be noted that upon the undersigned's best information and belief, no Court has yet issued a finding that the Department of Transportation engaged in race based discrimination in any action filed by a DOT employee. Moreover, the sole issue here is whether plaintiff was denied a promotion to a discrete position in 1999 based on his race and color. The witnesses enumerated herein have no connection to, or knowledge of, the process by which plaintiff was considered for that position.

### III. **CONCLUSION**

For all of the above stated reasons, the defendant moves for an order in limine prohibiting the plaintiff from presenting the above named witnesses who would offer evidence that is highly inflammatory and unfairly prejudicial to the defendant concerning their own complaints of discrimination or their opinions as to plaintiff's complaint.

DEFENDANT

By _____
Edward F. Osswalt (ct15252)
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel. (860) 808-5340
Fax. (860) 808-5383

5

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendants' Memorandum in Support of Motion in Limine was mailed, first class postage prepaid, this 16th day of April, 2004 to:

Joseph A. Moniz, Esq.
Moniz, Cooper & McCann, LLP
100 Allyn Street
Hartford, CT  06103

                                                                            _____
                                                                            Edward F. Osswalt
                                                                            Assistant Attorney General