United States District Court
District of Connecticut
FILED AT    NEW HAVEN

April 27, 2004
Kevin F. Rowe, Clerk
By Kenneth Ghilah
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GEORGE A. PAYNE | CIVIL ACTION NO. |
| Plaintiff | 3:01CV1096(MRK) |
| v. | |
| STATE OF CONNECTICUT, | |
| DEPARTMENT OF TRANSPORTATION | APRIL 26, 2004 |
| Defendant | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION IN LIMINE**

**I.    INTRODUCTION**

The defendant has moved in limine to preclude Plaintiff from introducing the testimony at trial of Rick Reed, Daphne A. McKinney, Robert Gordon and Vorcelia Oliphant, each of whom were employed by the defendant in the same Bureau of the DOT as the Plaintiff. These witnesses will offer testimony, some of which is anecdotal, regarding the DOT's treatment of African Americans in a discriminatory fashion generally and, in particular, in promotions. The DOT

**ORAL ARGUMENT REQUESTED**

**TESTIMONY NOT REQUIRED**

moved to prelcude this testimony under Rules 401, 402, 403 and 701. We offer this evidence pursuant to the case law on proving a pattern of racial discrimination in situations similar to that of the Plaintiff. The jury may consider this evidence with proper instructions from the Court as to whether or not the defendant discriminated against the Plaintiff in denying his promotion pursuant to the claims made in the Complaint.

## II.    ARGUMENT

The issue for the Court is whether in a Title VII race discriminaton case a plaintiff may offer anecdotal testimony and opinion testimony of lay witnesses with respect to discrimination in the workplace of the plainifff. The cases cited by the defendant do not preclude such testimony. In particular, the Circuit Court of Appeals for the Fifth Circuit in the case of Wyvill v. United Companies Life Insurance Company, 212 F.3d 296 (2000) precluded anecdotal testimony based upon the finding that the employees who were going to testify were not similarly situated to the plaintiff. The court stated as follows: "Anecdotes about other employees cannot establish that discrimination was a company's standard operating procedure unless those employees are similarly situated to the plaintiff." (emphasis added) citing Mooney, 54 F.3d at 1221. That is not the case here.

To determine whether or not an employee is similarly situated to the plaintiff, the court may take into account factors such as the departments in which they worked, the nature of the claim and

whether the timing of the allegations of discrimination were in close proximity to that of the plaintiff. Id. In this regard, the court should hold a hearing to make this determination.

In this case we intend to produce from African American employees within the same Bureau as the Plaintiff, who worked at the same time as he and who were denied promotions or were the recipients of discriminatory conduct at or about the same time as the Plaintiff. The fact that these employees have made claims of their own is irrelevant to the determination of whether they are similarly situated and therefore able to give anecdotal testimony.

On the issue of Rule 701, the defendant claims that lay opinion testimony is not admissible citing Hester v. Bic Corp., 225 F.3d 178 (2d Cir. 2000) outlining the requirements for lay opinion regarding employers' discriminatory conduct. The court cited Lightfoot v. Union Carbide Corp., 110 F.3d 898, 911 (2d Cir. 1997) where it held that Rule 701 "allowed a former employee to opine at trial that age played a factor in the plaintiff's termination. That witness, however, had been defendants' employee for almost twenty years, had worked directly under the named defendants, had been personally involved in the procedures that led to the plaintiff's termination, and had been present when the decision to terminate was made." Id. at 910. The court then stated that lay opinion in that case was admissible because the witness had acquired "personal knowledge of the facts that formed the basis of his opinion."

Therefore, the issue is whether any lay opinion proferred would fit within the standard set

out by the Second Circuit. Therefore, any witnesses who will offer lay opinion as to the discriminatory treatment of the Plaintiff would have to satisfying the above-stated standards. We would be prepared to make an offer of proof with respect to satisfying those standards should any of the witnesses testify regarding their opinion of the discriminatory nature of the denial of the Plaintiff's promotion. However, the primary purpose of the offered testimony is their observations of discrimination against African Americans in the DOT in which the Plaintiff worked. The court should allow us an offer of proof to determine whether the testimony proferred fits within the standards set in the cases cited above.

PLAINTIFF GEORGE A. PAYNE

By *(signature)*
Joseph A. Moniz (ct04316)
Moniz, Cooper & McCann, LLP
100 Allyn Street
Hartford, CT 06103
Tel. (860) 278-0200
His Attorneys

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, this date to:

Edward F. Osswalt
Assistant Attorney General
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel. (860) 808-5340

Joseph A. Moniz

MONIZ, COOPER & MCCANN, LLP • ATTORNEYS AT LAW
100 ALLYN STREET • HARTFORD, CT 06103 • (860) 278-0200 • FAX (860) 278-2212 • JURIS No. 418370